THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:07-CV-92-F

PAUL C. YONGO,  )
 )
   Plaintiff,  )
 )
v.  )     **ORDER and**
 ) **MEMORANDUM AND RECOMMENDATION**
 )
HARRIS TEETER, INC.,  )
 )
   Defendant.  )

This matter is before the court on Plaintiff Paul C. Yongo's pro se application to proceed in forma pauperis and for frivolity review. Plaintiff has demonstrated appropriate evidence of inability to pay the required court costs. Accordingly, the court grants his application to proceed in forma pauperis under 28 U.S.C. § 1915(a).

Nonetheless, pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, the Court is required to dismiss all or part of an action found to be frivolous or malicious, which fails to state a claim upon which relief can be granted, or which seeks money damages from a defendant immune from such recovery. See Cochran v. Morris, 73 F.3d 1310, 1315-16 (4th Cir. 1996) (discussing sua sponte dismissal under predecessor statute 28 U.S.C. § 1915(d)). A case is frivolous if it lacks an arguable basis in either law or fact. See Neitzke v. Williams, 490 U.S. 319, 325 (1989).

In this case, Plaintiff requests that the court review his claims for "(1) personal injury . . . [due to] slander, liable and character defamation, (2) . . . punitive damages or violation

1

of (ERISA) in relation to Employment Retirement Income Security Act of 1974, (3) harassment by both company associates or (employees) and employer, (4) discrimination based on my nationality that led to wrongful termination of employment, (5) other labor litigation." Plaintiff has alleged no facts. He asserts one potentially viable federal claim, his allegation that he was discriminated against on the basis of his nationality. However, Plaintiff has failed to provide a single detail as to what his nationality is, what was said or done to him, or why he believes he was discriminated against.

A plaintiff may not simply present conclusions, but must allege some minimum level of factual support for the claims raised in order to avoid dismissal. See White v. White, 886 F.2d 721, 724 (4th Cir. 1989). The court recognizes that pro se pleadings should not be held to the same stringent standards as those of attorneys, see Haines v. Kerner, 404 U.S. 519, 520 (1972), and should be liberally construed. Nonetheless, even a solicitous examination of the allegations requires that Plaintiff present more particularized facts in order to present a claim upon which relief may be granted. Accordingly, the court recommends that the case be dismissed as frivolous.

## CONCLUSION

For the reasons stated above, the Court **ORDERS** that Plaintiff's motion to proceed in forma pauperis be **GRANTED**, but **RECOMMENDS** that the underlying complaint be **DISMISSED** as frivolous and for failure to state a claim upon which relief can be granted. The Clerk shall send copies of this Memorandum and Recommendation to counsel for the respective parties, who have ten (10) days from the date of receipt to file written objections. Failure to file timely written objections shall bar an aggrieved party from receiving a de

2

Case 5:07-cv-00092-F   Document 5   Filed 04/30/07   Page 2 of 3

novo review by the District Court on an issue covered in the Memorandum and, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions not objected to, and accepted by, the District Court.

This 27th day of April 2007.

DAVID W. DANIEL
United States Magistrate Judge