UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:07-CV-92-F

| | | |
|---|---|---|
| PAUL YONGO, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| HARRIS TEETER, INC., | ) | |
|     Defendant. | ) | |

This matter is before the court on the Memorandum and Recommendation (M & R) of United States Magistrate Judge David W. Daniel filed on April 30, 2007. Plaintiff Paul Yongo ("Yongo"), proceeding *pro se*, filed his objections to the M & R on May 1, 2007.

In the M & R, Judge Daniel allowed Plaintiff's motion to proceed inform pauperis, but recommended that Yongo's underlying complaint be dismissed as frivolous and for failure to state a claim. Specifically, Judge Daniel noted that Yongo failed to allege any facts in support of his claim. Yongo's allegations consisted of the following:

> (1) Personal injury–320–I'am [sic] seeking a relief caused to me by way of slander, libel and character defamation by my employer, and his associates.
> (2) Seeking relief of punitive damage or violation of (ERISA) [sic] in Relation [sic] to Employment Retirement Income Security Act of 1974.
> (3) Harrasment [sic] by both company associates or (employees) [sic] and employer.
> (4) Discrimination based on my nationality that led to wrongfull [sic] termination of employment
> (5) Other Labor Litigation

Compl. [DE-4] at p. 2.

Yongo filed a document entitled "Plaintiff Objects to Recommendation for Dismissal of Claim" [DE-7] on May 1, 2007. Therein, Yongo attempted to provide a factual basis for his

various claims. However, Yongo merely restated legal conclusions and failed to allege sufficient facts to state any non-frivolous claim.

For example, in his original complaint, Yongo sought relief for discrimination based on his nationality, and stated that this discrimination led to the wrongful termination of his employment. As Judge Daniel observed, Yongo failed to provide any details as to what his nationality is or what was said or done to him. In his Objection, Yongo proffered the following additional allegations:

> Plaintiff particularize that the defendants discriminated against him in employment by refusing to promote him, because of his nationality (Kenyan), and because of his language.
> Plaintiff's co-manager (Supervisor) occassionally [sic] [illegible] made comments that in regard to to [sic] his language (Swahili) that 'He can't speak fluent English, he only speaks swahili he is from Kenya."

Pl.'s Obj. to Recommendation for Dism. of Claim [DE-7]. Although Yongo did provide some bare facts in the Objection, his allegations still are insufficient state a non-frivolous claim for discrimination. Mere statements of legal conclusions are not sufficient, and although a "plaintiff is not charged with pleading facts sufficient to prove [his] case, as an evidentiary matter, in [his] complaint, a plaintiff is required to allege facts that support a claim for relief." *Bass v. E.I. Dupont Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003)(determining that conclusory allegations that the employer discriminated against the plaintiff "because of her race and sex" were not sufficient to allege a claim when the facts of the complaint did not support the conclusory assertion.).

Similarly, Yongo has failed to allege sufficient facts to support a claim cognizable under the Employment Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001-1461. Yongo's primary complaint contained in his Objections document was that he did not receive a

2

summary plan document *prior* to electing to take part in a 401(k) program. ERISA, however, does not mandate that plan administrators provide summary documents prior to participants enrolling in a plan. *See* 29 U.S.C. §1024(b)(1) ("The administrator shall furnish to each participant . . . a copy of the summary plan description . . . within 90 days after he becomes a participant . . . ."). Moreover, Yongo has failed to allege any additional facts which would support a non-frivolous ERISA claim.

Yongo has not alleged any other facts which would give rise to a claim under federal law. Because the Complaint contains no allegations that would support federal jurisdiction over Yongo's remaining claims under diversity of citizenship pursuant to 28 U.S.C. § 1332, Yongo's remaining claims must be dismissed as frivolous.

For the foregoing reasons, the court concludes that the M & R is correct and in accordance with the law, and therefore ADOPTS the Magistrate Judge's M &R. It is ORDERED that Yongo's Complaint hereby is DISMISSED, and all other pending motions are DENIED as moot.

SO ORDERED.

This 7th day of November, 2007.

*James C. Fox*
JAMES C. FOX
Senior United States District Judge